IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.                                                CRIMINAL ACTION NO. 2:19-cr-00214

YVONNE DOZIER,

MEMORANDUM OPINION AND ORDER

Pending before the court is the proffered guilty plea to Count 1 of the Single-Count Information in *United States v. Yvonne Dozier*. On September 9, 2019, the court conducted a plea colloquy pursuant to Rule 11, *see* Fed. R. Crim. P. 11, at which time Defendant Dozier pleaded guilty to a violation of 18 U.S.C. § 1029(a)(2), Access Device Fraud. In conducting the plea hearing, the court questioned whether a sufficient factual basis existed for the guilty plea in that Defendant Dozier did not obtain the access device, here a State Purchase Card, with the intent to defraud, thereby not satisfying all the elements of the charge. After considering the arguments on both sides, the matter is now ready for the court's review. The question before the court is whether an unauthorized access device must be obtained with the intent to defraud at the time the access device is acquired, or whether later unauthorized use suffices. For the reasons stated herein, the proffered plea of guilty is **DENIED**.

## I. BACKGROUND

According to the Stipulation of Facts in the Plea Agreement labeled Exhibit B, Defendant Dozier was hired by the West Virginia Department of Environmental Protection ("WVDEP") in 1992. Beginning in 2014, Defendant Dozier worked as an Accounting Tech grade IV for WVDEP. During her employment, the State of West Virginia assigned her a U.S. Bank Visa credit card ("State Purchase Card") to make authorized purchases on behalf of the WVDEP.

From 2014 to 2018, Defendant Dozier made hundreds of unauthorized personal purchases with the State Purchase Card, reaching more than $1,000 in fraudulent purchases each year. These personal expenditures included purchases to a vacation company and payment of personal bills. Defendant Dozier states in her stipulation of facts that she "submitted an altered invoice to hide the personal nature of this purchase and did not subsequently pay for these charges." Plea Agreement Exhibit B 1. These purchases affected interstate commerce because they resulted in the interstate movement of money, goods, and services between the U.S. Bank, Visa Card Services and the State of West Virginia. The total amount of unauthorized purchases with the State Purchase Card from the years 2014 to 2018 is $61,753.27. *Id.* at 2.

There is no evidence in the Stipulation of Facts that Defendant Dozier had an intent to defraud at the time the State of West Virginia issued her the State Purchase Card. At the unfinished plea hearing on September 9, 2019, the United States conceded that "when [Defendant Dozier] got the card initially, we cannot show the exact moment that she obtained the card she obtained it with the intent to defraud."

Tr. Plea Hearing 16:8–11. In fact, the United States stated that Defendant Dozier obtained the State Purchase Card lawfully. Tr. Plea Hearing 20:17–20. The United States further conceded that if the court takes the position that Defendant Dozier must have had the intent to defraud at the time she obtained the card, "then we cannot meet our elements on this and we would probably come back and ask the court to consider wire fraud." Tr. Plea Hearing 16:12–14.

Defendant Dozier wishes to plead guilty to a violation of 18 U.S.C. § 1029(a)(2), Access Device Fraud.

## II. DISCUSSION

The statute for Access Device Fraud states that whoever "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period" is guilty of a crime against the United States. 18 U.S.C. § 1029(a)(2). The Stipulation of Facts plainly shows that Defendant Dozier satisfies three of the elements, acting with intent to defraud, obtaining things of value in the aggregate of $1,000 or more in a given year, and affecting interstate commerce. The issue is whether Defendant Dozier can satisfy the element of using an unauthorized access device.

An "unauthorized access device" is "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." 18 U.S.C. § 1029(e)(3). The United States conceded that the State Purchase Card assigned to Defendant Dozier was not lost, stolen, expired, revoked, or canceled. Tr. Plea Hearing 20:3–14.

Thus, the only way for Defendant Dozier to satisfy the element of using an unauthorized access device is if the access device was "obtained with intent to defraud." *See* Tr. Plea Hearing 20:13–16; 18 U.S.C. § 1029(e)(3).

The United States and Defendant Dozier claim that Defendant Dozier satisfies the element of using an unauthorized access device because the State Purchase Card was "obtained with intent to defraud." The United States and Defendant Dozier admit that she did not obtain the State Purchase Card with the intent to defraud at the time she was assigned the card and that she had the card lawfully. Tr. Plea Hearing 16:8–11; 20:17–21. However, the United States and Defendant Dozier argue that "obtaining" should be given a broad reading, and the fact that she later misused the card fits within the statute. Tr. Plea Hearing 20:20–21. Defendant Dozier also argues that every time she used the card, she was "obtaining it each time anew" from the State of West Virginia, meaning she obtained the card unlawfully each time she acted outside the scope of her agency. Tr. Plea Hearing 23:14–25; 24:1–3. The United States further asks this court to look at the legislative history and other circuits to reach a broad understanding of the word "obtained." Tr. Plea Hearing 16:15–25, 17:1–3.

The Fourth Circuit has not directly answered the question of whether a defendant must have had the intent to defraud at the time he or she obtained the access device in order to satisfy the statute. However, while answering a different question of whether the statute covered fraudulently obtained credit cards directly from credit card companies, the Fourth Circuit looked at the language of 18 U.S.C. § 1029(a)(2) and the corresponding definitions in 18 U.S.C. § 1029(e)(3). *United States*

*v. Akinkoye*, 185 F.3d 192, 199–200 (4th Cir. 1999). In analyzing the statute, the court used the "well-established canon of statutory construction: if the statute is unambiguous on its face, the court will not look to the legislative history." *Id.* at 200. In deciding that 18 U.S.C. § 1029(a)(2) did not suggest that the card had to be obtained from the rightful card owner, the court stated that "the phrase 'obtain with intent to defraud' is not modified in any way at all." *Id.* Because the defendants intended to defraud credit card companies by obtaining credit cards through false applications, the defendants' conduct fit within the language of the statute. *Id.* Therefore, "[t]here is no need to look any further than the statute's plain wording." *Id.*

Similarly here, there is "no need to look any further than the statute's plain wording." See *id.* The statute plainly states that an "unauthorized access device" is an access device "obtained with intent to defraud." 18 U.S.C. § 1029(e)(3). The United States has stipulated that Defendant Dozier obtained the State Purchase Card lawfully. Tr. Plea Hearing 20:17–20. Defendant Dozier did not obtain the card with the intent to defraud at the time she was assigned the State Purchase Card by the State of West Virginia. *Id.* at 16:8–11. "The phrase 'obtain with intent to defraud' is not modified in any way at all," so this court should not alter the phrase beyond its plain meaning. *See Akinkoye*, 185 F.3d 192 at 200. The statute does not have language which states that "obtained with intent to defraud" also includes using an access device at a later time. *See* 18 U.S.C. § 1029(e)(3). Therefore, Defendant Dozier cannot satisfy the element of using an unauthorized access device.

Other circuits have also looked at this same question. The Sixth Circuit decided that the access device must be obtained with intent to defraud at the time the card is actually obtained. *See United States v. Nixon*, 694 F.3d 623, 638 (6th Cir. 2012) ("Because there was no proof at trial that Nixon had the intent to defraud Pruitt or the firm at the time she obtained the credit card (as opposed to her later unauthorized use of the card), the government did not prove an essential element of the crime.").

Alternatively, the Fifth Circuit suggested that a defendant could satisfy "obtained with intent to defraud" if an authorized credit card was used for unauthorized purchases at a later date. *United States v. Inman*, 411 F.3d 591, 594 (5th Cir. 2005) ("while Inman had authorization to use the VISA card for company purchases, he was unauthorized to use the card for personal purchases…Such misuse of the card served as further evidence of an unauthorized access device."). Nevertheless, the court there had already stated that there was substantial evidence at the trial which showed that the defendant intended to defraud at the time he obtained the card. *Id.* Thus, it is inconclusive whether the evidence of future unauthorized purchases of the card, in and of itself, would have been enough to satisfy the element of using an unauthorized access device.[1]

---

[1] Other circuits have looked at the question of whether a present intent to defraud is necessary at the time the defendant obtained the access device and declined to answer. *United States v. Siler*, 624 F. App'x 990, 991 (11th Cir. 2015) ("Because there is sufficient evidence to support a finding that Siler obtained the access devices with intent to defraud, we need not in this case decide whether such a finding is required."); *United States v. Bayard*, 642 F.3d 59, 65 (1st Cir. 2011) ("…we take no

Therefore, given that the language of the statute is clear and unambiguous on its face, the plea agreement in *United States v. Yvonne Dozier* must be rejected. *See* 18 U.S.C. §§ 1029(a)(2); 1029(e)(3); *see Akinkoye*, 185 F.3d 192 at 200 ("the phrase 'obtain with intent to defraud' is not modified in any way at all."). The United States and Defendant Dozier failed to present evidence that Defendant Dozier had the intent to defraud at the time she obtained the State Purchase Card, thus failing to meet the element of using an unauthorized access device. Though the Fourth Circuit has not answered the question directly, they have stated that the plain wording of the statute is to be honored. *See Akinkoye*, 185 F.3d 192 at 200 ("There is no need to look any further than the statute's plain wording."). In addition, it is far from obvious that any other circuit would decide the other way. *See Inman*, 411 F.3d at 594 ("The evidence at trial showing that Inman intended to defraud Corning when he obtained the card from Maddox was substantial."); *see Nixon*, 694 F.3d at 638 ("Key to the charged offense is that the intent to defraud be present both when the "access device" is *obtained* and when it is later *used*."). Thus, this court sees no reason to expand the wording of the statute beyond its plain, unambiguous meaning, which states that an "unauthorized access device" must be "obtained with intent to defraud." *See* 18 U.S.C. § 1029(e)(3).

---

position on the court's statutory interpretation that led to this instruction. Our precedent is unsettled and the answer is far from obvious… We therefore save the question for another day.").

## III. Conclusion

For the foregoing reasons, Defendant Dozier's proffered plea of guilty to a violation of 18 U.S.C. § 1029(a)(2), Access Device Fraud, in the *United States v. Yvonne Dozier*, is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal. The court further DIRECTS the clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.

ENTER: September 26, 2019

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE